# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-3410

———————————————

Beverly Janice Campe

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

————————

Submitted: September 2, 2014
Filed: September 8, 2014
[Unpublished]

————————

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

————————

PER CURIAM.

Beverly Janice Campe appeals the district court's[1] order affirming the denial of her application for disability insurance benefits.

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Steven E. Rau, United States Magistrate Judge for the District of Minnesota.

This court reviews de novo the district court's decision, affirming if the administrative law judge's (ALJ's) decision is supported by substantial evidence on the whole record. *See Myers v. Colvin*, 721 F.3d 521, 524 (8th Cir. 2013). After a hearing that included the testimony of medical and vocational experts, the ALJ found that Campe had the residual functional capacity (RFC) to perform certain light work that did not require overhead reaching, through the date she was last insured for disability purposes. This finding is supported by substantial evidence on the record as a whole. *See Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014) (court defers to ALJ's evaluation of claimant's credibility provided it is supported by good reasons and substantial evidence); *Myers*, 721 F.3d at 527 (RFC must be determined based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of her limitations; RFC must be supported by some medical evidence); *Buckner v. Astrue*, 646 F.3d 549, 560-61 (8th Cir. 2011) (vocational expert's testimony constitutes substantial evidence when it is based on hypothetical that accounts for all of claimant's proven impairments; hypothetical must include impairments that ALJ finds substantially supported by record as whole).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____